UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:25-cr-144-KKM-SPF

GILMAR PEREIRA DA SILVA, JR.

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, pursuant this Court's February 9, 2026 Order, Doc. 46, hereby files this sentencing memorandum concerning defendant Gilmar Pereira Da Silva, Jr.

## I.    BACKGROUND

On March 27, 2025, a Middle District of Florida grand jury returned a six-count indictment against Da Silva, charging him in Counts One through Three with filing false claims to the United States Department of the Treasury and the IRS, in violation of 18 U.S.C. § 287; and in Counts Four through Six with wire fraud, in violation of 18 U.S.C. § 1343. Doc. 1. In short, Da Silva was charged for preparing and filing with the IRS three false and fictitious U.S. Individual Income Tax Returns, Forms 1040 ("Form(s) 1040"), for tax years 2019, 2020, and 2021, wherein he claimed a refund of taxes in excess of any amounts due him. *Id.* In preparing and filing those false and fictitious Forms 1040, Da Silva claimed fuel tax credits to which he was not entitled, which claims increased each tax year—$20,699 (TY 2019), $82,947 (TY 2020), and $3,413,844 (TY 2021). Docs. 1 and 35 at 18-19.

Da Silva entered into a plea agreement with the United States in January 2026 in which he acknowledged that he had engaged in the conduct charged by the indictment and agreed to plead guilty to Count Three. Doc. 35. Da Silva further voluntarily agreed in his plea agreement to pay $103,646 in restitution associated with two separate refunds paid to him for TY 2019 ($20,699) and TY 2020 ($82,947), along with any taxes, interest, and penalties found to be owed and due to the IRS for TYs 2019 through 2021. *Id.* at 3-4. The United States agreed in the plea agreement that, barring receipt suggesting such a recommendation is unwarranted, the United States would not oppose the defendant's request to this Court that the defendant receive a sentence at the low end of the applicable Guidelines' range, as calculated by the Court. *Id.* at 6.

Da Silva appeared in court on January 23, 2026, and pleaded guilty to Count Three, charging him with filing a false and fictitious Form 1040 with the U.S. Department of the Treasury and the IRS in January 2022 in which he falsely claimed a refund of $3,413,844 to which he was not entitled. Doc. 41. This Court accepted Da Silva's guilty plea and adjudged him guilty of Count Three of the indictment on February 9, 2026. Doc. 46.

## II.    THE PRESENTENCE INVESTIGATION REPORT ("PSR")

The final PSR, filed April 16, 2026, Doc. 48, calculates Da Silva's Total Offense Level and Criminal History Category in accordance with the 2025 Guidelines Manual. *Id.* at ¶ 29. Therein, Da Silva's Total Offense Level is calculated to be 21. *Id.* at ¶ 39. A consideration of Da Silva's criminal history results in Da Silva

2

being placed in Criminal History Category I. *Id*. at ¶¶ 41-44. The United States has no objections to the PSR or to the application of the Guidelines.

### III.   SENTENCING RECOMMENDATION

The United States supports the calculations of Da Silva's Total Offense Level and Criminal History Category as set forth in the PSR. *See Id*. at ¶¶ 30-44. Said calculations result in a recommended imprisonment range of 37 months to 46 months, to be followed by a three-year term of supervised release. *Id*. at ¶¶ 68-74. The United States believes that, consistent with the Guidelines' recommendation, the defendant should be sentenced by this Court to serve 37 months in the Bureau of Prisons, to be followed by a three-year term of supervised release.

This recommendation by the United States is consistent with the United States' obligations under the plea agreement and is appropriate based upon a consideration of the sentencing factors listed in 18 U.S.C. § 3553(a). The defendant's criminal conduct in this case occurred over a period of years, during which the defendant submitted false and fictitious Forms 1040, claiming escalating refund amounts each year. Indeed, the final bogus TY 2021 Form 1040 falsely claimed a refund of $3,413,844. While that Form 1040 was not processed, the defendant's criminal intentions were clear: He wanted to steal millions of dollars from the United States. The recommended sentence reflects the seriousness of the offense, and will promote respect for the law, provide just punishment for the offense, and serve as adequate deterrence to like criminal conduct by others. *See* 18 U.S.C. § 3553(a)(1) and (2).

In addition, as agreed to by the defendant in the plea agreement, Doc. 35 at 3-4, the United States requests that this Court include in the defendant's sentence that the defendant is to make full restitution to the United States Department of the Treasury in the amount of $103,646, plus any taxes, interest, and penalties found to be lawfully owed and due to the IRS for tax years 2019 through and including 2021.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    */s/ Jay G. Trezevant*
       Jay G. Trezevant
       Assistant United States Attorney
       Florida Bar No. 0802093
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone:   (813) 274-6000
       Facsimile:    (813) 274-6358
       E-mail: jay.trezevant@usdoj.gov

4

**U.S. v. Gilmar Pereira Da Silva, Jr.**          **Case No. 8:25-cr-144-KKM-SPF**

### CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ryan Maguire, AFPD

*/s/ Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney