UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    **Case No: 8:25-cr-144-KKM-SPF-1**

**GILMAR PEREIRA DA SILVA, JR.**
_____ /

## DEFENDANT'S SENTENCING MEMORANDUM

Gilmar Pereira Da Silva, Jr., through undersigned counsel, respectfully requests that this Honorable Court impose a sentence of five years of probation, with restitution conditions, as "sufficient, but not greater than necessary" to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). The advisory guidelines are not binding, and the unique facts of this case including the overstatement of Mr. Pereira da Silva's criminal history, his strong family and community ties, his exemplary compliance with supervision, and his substantial ability to repay restitution if released, warrant a non-custodial sentence.

## STATEMENT OF FACTS

**Procedural History**

Mr. Pereira da Silva was charged by indictment with filing false claims to the United States Department of the Treasury and the IRS, in violation of 18 U.S.C. § 287, for preparing and filing three false U.S. Individual Income Tax

Returns (Forms 1040) for tax years 2019, 2020, and 2021. He entered a plea of guilty to Count Three pursuant to a plea agreement. PSR ¶10.

He was arrested on April 17, 2025, and released on bond with pretrial supervision. PSR at 1.

**Offense Conduct**

The offense involved the preparation and filing of three false tax returns, claiming fuel tax credits to which Mr. Pereira da Silva was not entitled. PSR ¶¶8-10. The claimed refund amounts were $20,699 for 2019, $82,947 for 2020, and $3,413,844 for 2021. *Id.* The actual loss to the government—the refunds actually paid—was $103,646. *Id.* at ¶9. The attempted loss, including the unsuccessful 2021 claim, was approximately $3,517,490. PSR ¶31.

**Mr. Pereira da Silva's Background**

Mr. Pereira da Silva is a 43-year-old citizen of Brazil and a Lawful Permanent Resident of the United States. PSR at 2. He holds a Master's Degree and is self-employed as a flooring contractor, earning approximately $2,000 per month, with the potential to earn $5,000 or more if geographic limitations are removed. PSR ¶¶ 59-60, 62.

He is divorced and has two children, ages 6 and 23, both residing in Brazil, with whom he maintains daily contact. PSR ¶ 52. His parents and sister also reside in Brazil, and he maintains daily contact with them as well.

PSR ¶¶ 48-49. He has lived in Florida for seven years, residing at his current address with two roommates. PSR ¶53.

Mr. Pereira da Silva has no history of mental or emotional health concerns, substance abuse, or criminal conduct beyond the current offense. PSR ¶¶ 56-58.

## ARGUMENT

### I. Downward Variance: Criminal History Over-Representation and Lack of Zero-Point Offender.

This Court should grant a downward variance and apply the two-level reduction for zero-point offenders under USSG §4C1.1, given that Mr. Pereira da Silva's only criminal history point arises from conduct that occurred after the instant offense.

USSG §4C1.1 provides a two-level reduction for defendants with zero criminal history points who meet certain criteria. The Guidelines are advisory, and the Court may vary from them based on the defendant's actual history and characteristics. This Court has wide latitude to fashion a sentence that takes into consideration Mr. Pereira da Silva's personal and criminal history. *United States v. Booker*, 543 U.S. 220 (2005).

Mr. Pereira da Silva's sole criminal history point stems from a grand theft conviction for conduct on March 7, 2024, which occurred after the instant

offense conduct ended on January 24, 2022. PSR ¶42. At the time he committed the instant offense, Mr. Da Silva had no prior convictions or criminal history points, making him a true zero-point offender. PSR ¶¶ 8, 42. He meets all other eligibility criteria for the zero-point offender reduction under §4C1.1. Applying this reduction by variance would lower his total offense level from 21 to 19, resulting in an advisory range of 30–37 months, rather than 37–46 months.

Because Mr. Pereira da Silva was a true zero-point offender at the time of the instant offense, the Court should grant a downward variance and apply the two-level reduction under §4C1.1, resulting in a lower advisory guideline range.

## II. Nature and Circumstances of the Offense Support Probation

The offense is serious and involved an attempt to obtain a much larger sum over $3.4 million in TY 2021 alone. PSR ¶8. However, the actual harm to the government is finite and defined: $103,646 in refunds actually paid. PSR ¶24. This is a non-violent, financial offense, and the loss is capable of full repayment through a structured probationary sentence. Probation with restitution conditions is particularly appropriate for non-violent, financial crimes, as it allows the Court to supervise repayment and ensures the government is made whole.

### III. History and Characteristics of Mr. Pereira da Silva, § 3553(a)

#### A. Family and Community Ties

Mr. Pereira da Silva is the father of two children, ages 6 and 23, both residing in Brazil, with whom he maintains daily contact. PSR ¶ 52. He also maintains daily contact with his parents and sister in Brazil. PSR ¶¶ 48-49. He has lived in Florida for seven years, building a life and community here. PSR ¶53. He is a Lawful Permanent Resident of the United States. PSR at 2. He is self-employed as a flooring contractor, demonstrating his commitment to lawful employment and community integration. PSR ¶¶ 59-60. Incarceration would almost certainly result in removal and permanent separation from his life in the United States and would hamper his ability to make restitution.

#### B. Education, Employment, and Restitution Capacity

Mr. Pereira da Silva holds a Master's Degree. PSR ¶59. He currently earns approximately $2,000 per month, with the demonstrated ability to earn $5,000 or more per month if geographic limitations are removed under probation. PSR ¶62. Probation maximizes his capacity to repay restitution under 18 U.S.C. § 3553(a)(7), while incarceration would leave the government as an unsecured creditor. The Court's supervisory authority over probation conditions, including financial reporting, provides the most effective mechanism to ensure the United States is made whole. This is the "carrot:" the

5

ability to earn, pay restitution, and remain compliant; while the Court retains

the "stick" of revocation and imprisonment.

### *C. No History of Violence, Mental Illness, or Substance Abuse*

Mr. Pereira da Silva has no history of mental or emotional health

concerns, substance abuse, and minimal criminal history beyond the current

offense. PSR ¶¶ 42, 56-58. The only prior conviction postdates the instant

offense conduct. PSR ¶ 42. This profile is inconsistent with that of a recidivist

or a person who poses a danger to the community.

## IV. Compliance with Pretrial Supervision and State Probation Conditions

Mr. Pereira da Silva's compliance with supervision conditions supports

a sentence of probation. Post-offense conduct, including compliance with

supervision, is a valid and important consideration in sentencing. *Pepper v.*

*United States*, 562 U.S. 476, 491 (2011).

Mr. Pereira da Silva has been on pretrial supervision since April 17,

2025, with no violations, no missed appearances, and full compliance with all

conditions, as confirmed by Pretrial Services. PSR ¶ 19. He has also complied

with all conditions of his state probation for the *prior* conviction since

December of 2024. PSR ¶42. Successfully navigating both federal pretrial

supervision and a separate state probation simultaneously demonstrates the

discipline and ability to comply with conditions of supervision required for a federal probationary sentence.

This dual compliance record is compelling evidence of his suitability for probation.

**V. The Goals of § 3553(a) Are Fully Served by Five Years of Probation**

### A. Deterrence (§ 3553(a)(2)(B))

Specific deterrence is achieved through the felony conviction itself, the restitution obligation, and the five-year probationary term with revocation power. General deterrence is served by the public record of the federal prosecution and conviction. The Court retains the "stick," the power to revoke probation and impose imprisonment for any violation, for the full five-year period. That threat is real and meaningful.

### B. Protection of the Public (§ 3553(a)(2)(C))

The Pretrial Services report found "no risk of danger." The offense is non-violent. No incarceration is necessary.

### C. Avoiding Unwarranted Disparities (§ 3553(a)(6))

White-collar, non-violent defendants who accept responsibility, comply with supervision, and can make victims whole through restitution frequently receive probationary sentences.

### D. Parsimony Principle

The "sufficient, but not greater than necessary" standard of § 3553(a) is the overarching instruction. Five years of probation with restitution, financial monitoring, and full supervisory conditions is sufficient.

### CONCLUSION

For the foregoing reasons, Mr. Pereira da Silva respectfully requests that the Court impose a sentence of five years of probation, with restitution conditions of $103,646. This sentence reflects the seriousness of the offense, provides adequate deterrence, ensures victim restitution through Court supervision, preserves the Court's revocation authority as a deterrent, and is sufficient but not greater than necessary.

Dated this 26th day of April 2026.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire, Esq.
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email: ryan_maguire@fd.org

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Jay Trezevant, AUSA

*/s/ Ryan J. Maguire*
Ryan J. Maguire, Esq.
Assistant Federal Defender
