# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### HONORABLE KATHRYN KIMBALL MIZELLE

### CLERK'S MINUTES

| | |
|---|---|
| **CASE NO.:** 8:25-cr-144-KKM-SPF | **DATE:** April 30, 2026 |
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**GILMAR PEREIRA DA SILVA, JR.** | **GOVERNMENT'S COUNSEL:**<br>Jay G. Trezevant, AUSA<br><br>**DEFENDANT'S COUNSEL:**<br>Ryan J. Maguire, AFPD |
| **COURTROOM:** 13B | **INTERPRETER/LANGUAGE:**<br>Carlos Ravelo/Portuguese |
| **TIME:** 10:02 A.M. – 10:06 A.M. &<br>          10:12 A.M. – 11:28 A.M. | **TOTAL:** 1 Hour, 20 Minutes |
| **COURT REPORTER:** Bill Jones | **PROBATION OFFICER:**<br>Aracely Vazquez stands in for Ryan Powell |
| **DEPUTY CLERK:** Charmaine A. Black | |

## PROCEEDING: SENTENCING

Court in session.

Counsel is present and identified for the record. The defendant is not present.

Defense counsel states that the defendant resides in Orlando and is running late due to heavy vehicular traffic.

The Court stands in recess to await the defendant's arrival.

Break in the proceedings.

*- Break -*

The proceedings resume.

The defendant is now present and sworn.

The defendant apologizes for his tardiness and makes a statement to the Court.

On January 23, 2026, the defendant entered a plea of guilty to Count Three of the Indictment.

The Court previously accepted the defendant's guilty plea and has adjudged the defendant guilty of that offense.

In accordance with the plea agreement and on motion of the United States, Counts One, Two, Four, Five, and Six of the Indictment are dismissed.

Counsel addresses the Court.

Defense counsel requests a variance to a sentence of probation with restitution in the amount of $103,646.

The defendant makes an allocution to the Court.

For the reasons stated on the record, the Court finds that a non-incarcerative sentence is not appropriate in this case and sentences the defendant as follows:

Imprisonment: 37 months.

The Court recommends to the Bureau of Prisons:

- Housing the defendant at Coleman FCI.
- The defendant be allowed to take classes to learn English.

The defendant requests permission to self-surrender.

As stated on the record, the defendant's request to self-surrender is GRANTED. The defendant may voluntarily surrender to the United States Marshal's Office no later than Monday, May 4, 2026, at 12:00 noon.

Supervised Release: 3 Years [36 Months].

Mandatory and standard conditions apply.

Special conditions of supervision:

1. The defendant is prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases without approval of the probation officer.

2. The defendant must provide the probation officer access to any requested financial information.

3. If the defendant is deported, he must not re-enter the United States without the express permission of the appropriate governmental authority.

4. The defendant must cooperate with the Internal Revenue Service regarding all outstanding taxes, interest, and penalties relating to the offense of conviction.

Having been convicted of a qualifying felony, the defendant must cooperate in the collection of his DNA as directed by the probation officer.

The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, the defendant must submit to random drug testing not to exceed 104 tests per year.

The defendant must pay restitution in the amount of $103,646.00 to the United States Department of the Treasury. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim. While in Bureau of Prisons' custody, the defendant shall either (1) pay at least $25 quarterly if he has a non-Unicor job or (2) pay at least 50% of his monthly earnings if he has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $250 per month. At any time during the course of post-release supervision, the government or the defendant may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment schedule accordingly. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution amount.

Fine: Waived.

Special Assessment: $100. This obligation is to be paid immediately.

The defendant is advised of the right to appeal and of the right to counsel on appeal.

The defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

**GUIDELINE RANGE DETERMINED BY THE COURT AT SENTENCING:**
*(Prior to any departures and/or variances)*

| | |
|---|---|
| Total Offense Level | 21 |
| Criminal History Category | I |
| Imprisonment Range | 37 months - 46 months |
| Supervised Release Range | Not more than 3 years |
| Restitution | Restitution Ordered: $103,646 |
| Fine Range | $15,000 - $150,000 |
| Special Assessment | $100 |

Court adjourned.

3