UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-144-KKM-SPF

GILMAR PEREIRA DA SILVA, JR.

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**PEREIRA DA SILVA'S MOTION FOR COMPASSIONATE RELEASE**

The United States opposes Gilmar Pereira Da Silva, Jr.'s motion for compassionate release. Doc. 61. Pereira Da Silva has no medical conditions or other circumstances that are extraordinary and compelling, and, in any event, the 18 U.S.C. § 3553(a) factors do not support his early release from incarceration.

## I. Background

Pereira Da Silva filed a false 2021 Individual Income Tax Return (Form 1040), claiming a refund of taxes of approximately $3,413,844. Doc. 35 at 18–19. The 2021 Form 1040 was not processed by the Internal Revenue Service (IRS). *Id.* at 19. Pereira Da Silva likewise filed false Forms 1040 in 2019 and 2020, claiming refunds in the amounts of $20,699 and $82,947 respectively. *Id.* The IRS issued refunds in the claimed amounts into accounts controlled by Pereira Da Silva. *Id.*

Pereira Da Silva pleaded guilty with a plea agreement to making a false claim to the IRS, in violation of 18 U.S.C. § 287. Docs. 1, 35, 41, 46. In April 2026, Pereira Da Silva was sentenced to 37 months' imprisonment. Docs. 52, 57.

Now, Pereira Da Silva moves for compassionate release, based on the Bureau

of Prisons' alleged failure to provide adequate dental care. *See generally* Doc. 61.

Pereira Da Silva is incarcerated at FCI Coleman Low in Sumterville, Florida, is 43 years old, and is projected to be released on October 18, 2028. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on November 17, 2026). As of November 10, 2026, Pereira Da Silva has served approximately six months of his sentence, or 17.1% of his full term and 20% of his statutory term. *See* Ex. A at 3 (CICLOPS Public Information).

## II. Memorandum of law

A district court has no inherent authority to modify a sentence; it may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One of those statutes is 18 U.S.C. § 3582(c)(1)(A), which permits a court to reduce a term of imprisonment if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. *Id.*; *see also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

The Sentencing Commission's applicable policy statement, set forth in USSG §1B1.13, defines "extraordinary and compelling reasons" for purposes of section 3582(c)(1)(A), and it is binding on the courts. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Under section 1B1.13, "extraordinary and compelling reasons" that may render a defendant eligible for a sentence reduction fit in the following categories: (1) medical circumstances of the defendant; (2) advanced age

plus length of term already served; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years imprisonment and a change in the law would produce a gross disparity between the defendant's sentence and the sentence likely to be imposed at the time the motion is filed. USSG §1B1.13(b)(1)–(6).

If the court finds that an extraordinary and compelling reason exists, it still may not reduce the defendant's term of imprisonment under section 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release. *Tinker*, 14 F.4th at 1237. If the defendant fails to establish any of the three requirements, the court need not analyze the other requirements and cannot grant relief. *See United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021).

The defendant, as movant, bears the burden of establishing entitlement to relief under section 3582. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (addressing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)). And the defendant must first "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier." *See United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it." *Harris*, 989 F.3d at 911 (internal quotation marks omitted).

## III. Pereira Da Silva's compassionate release motion

### A. Exhaustion

Pereira Da Silva asserts he sought a sentence reduction on August 28, 2026, and the Warden denied the application on October 7, 2026. *See* Doc. 61 at 3. More than 30 days passed since the BOP's receipt of Pereira Da Silva's original application before he filed his motion in this Court, so this Court may consider the merits of Pereira Da Silva's motion.

### B. Extraordinary and compelling circumstances

Pereira Da Silva requests a reduction of his sentence based on the BOP's alleged inability to care for his severe dental and maxillofacial conditions. *See generally* Doc. 61. Section 1B1.13(b)(1)(C) permits a sentence reduction when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

Prior to his incarceration, Pereira Da Silva underwent mandibular reconstruction following a motorcycle accident, involving the placement of a titanium plate and requiring regular orthodontic treatment. Doc. 61-1 at 5, 7, 14, 21.

From May 4, 2026, to May 12, 2026, Pereira Da Silva was placed in the Special Housing Unit (SHU) and he claims that during that time his therapeutic orthodontic appliance was damaged. *Id.* at 1, 7, 14. Pereira Da Silva describes significant dental deterioration while in custody, including four lost teeth, jaw pain, and difficulty chewing. *Id.* at 1, 5, 7–8, 21. He alleges the BOP is unable to provide the specialized orthodontic care required for his condition. *Id.* at 1, 4, 8.

On May 15, 2026, Pereira Da Silva underwent a dental health history screening. Ex. B at 44–45 (2026 BOP Medical Records). Notably, this screening occurred after Pereira Da Silva's time in the SHU. At that time, the provider did not observe any dental issues such as sensitive, decayed, or loose teeth. *Id.* She did, however, acknowledge orthodontic treatment was in progress. *Id.* at 46.

On July 23, 2026, Pereira Da Silva had a dental sick call requesting an orthodontic adjustment. *Id.* at 68–70. The dentist advised Pereira Da Silva that the BOP could not provide orthodontic treatment. *Id.* at 69. However, she did not identify a dental emergency and advised Pereira Da Silva to return for a sick call if he experienced pain or breakage. *Id.* A week later, Pereira Da Silva refused a scheduled dental cleaning. *Id.* at 65, 67, 92. During a sick call encounter in August, the dentist noted Pereira Da Silva's orthodontic hardware was intact, and he did not have any teeth mobility, generalized tenderness, or signs of infection. *Id.* at 65.

During an October 20, 2026, evaluation at the Dental Clinic, Pereira Da Silva reported tooth pain, specifically claiming he lost Teeth #8 and #30 and broke the top

arch of his braces while in the SHU. *Id.* at 52–54. The dentist offered to extract Tooth #8, but Pereira Da Silva refused. *Id.* at 52–53, 80. In an October 23, 2026, administrative note, the dentist stated Tooth #8 had a retained root which "had been broken a long time ago." *Id.* at 51. The dentist further observed the wire on Pereira Da Silva's top arch had been cut by a professional, rather than broken accidentally. *Id.* The dentist also concluded that, while Tooth #30 was missing, the bone had filled in densely and it did not appear the tooth had been extracted within the last six months. *Id.*

Pereira Da Silva claims the BOP is unable to treat his dental and maxillofacial conditions. Doc. 61 at 6; *see also* Doc. 61-1 at 1, 4, 8. While it is true that orthodontic treatment is beyond the typical scope of BOP dental services, Health Services can refer inmates to specialists, provided that outside medical records verify their claims. Ex. B at 1, 52–53, 65. Accordingly, the scheduling of an outside consultation is conditioned on Pereira Da Silva providing the BOP with the contact information for his previous orthodontists, which he has thus far failed to do. *Id.* at 48–50, 52. After Pereira Da Silva's most recent failure to provide the requested information, the provider noted the following: "Informed patient that we cannot evaluate his orthodontic needs without the previous orthodontic records. Refusal to provide the name of the current provider is a refusal of care. Patient understood and acknowledged." *Id.* at 48.

While Pereira Da Silva appears to have pre-existing dental conditions, the records do not corroborate his claim of deterioration since entering custody.

Furthermore, he has failed to provide the BOP with any documentation verifying his claims, thereby depriving himself of the opportunity to see an outside provider. Accordingly, Pereira Da Silva has failed to demonstrate that he is suffering a serious medical condition or that the BOP is withholding necessary medical care.

### C. The section 3553(a) factors independently preclude relief.[1]

Finally, this Court should not grant Pereira Da Silva a reduction of his sentence because the applicable sentencing factors in section 3553(a) weigh against release. Between 2019 and 2021, Pereira Da Silva repeatedly attempted to defraud the United States. Doc. 35 at 18–19. With each year, his conduct escalated, with his final claim totaling over $3 million. *Id.*

Pereira Da Silva has served a mere six months or 17% of his prison term. *See* Ex. A at 3. Pereira Da Silva's sentence appropriately reflected the seriousness of his offense and provided just punishment. His premature release would undermine the United States' effort to deter Pereira Da Silva and others from attempting to defraud the government.

---

[1]The factors in section 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

THEREFORE, this Court should deny Pereira Da Silva's motion for compassionate release.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *_/s/ Dawn A. Tiffin_*
DAWN A. TIFFIN
Assistant United States Attorney
Appellate Division
Florida Bar No. 28788
400 North Tampa St., Suite 3200
Tampa, FL 33602
Telephone: (813) 274-6000
E-mail: dawn.tiffin@usdoj.gov

**U.S. v. Pereira Da Silva** **Case No. 8:25-cr-144-KKM-SPF**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Gilmar Pereira Da Silva Jr
Reg. No. 74744-511
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL 33521

*/s/ Dawn A. Tiffin*
DAWN A. TIFFIN
Assistant United States Attorney